UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

JOHN DANIEL RILEY, )
 )
        Petitioner, )
 )
v. ) No. 2:10-cv-312-WTL-TAB
 )
CHARLES L. LOCKETT, )
 )
        Respondent. )

## Entry Again Directing Further Proceedings

A federal court may issue the writ of habeas corpus sought in this action only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). Directions issued in Part II of the Entry issued on December 2, 2010, were designed to elicit sufficient information from which it could be determined whether habeas petitioner Riley has asserted a viable claim for relief. *See Rose vs. Hodges,* 423 U.S. 19, 21 (1975)("A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States."). Mr. Riley's habeas petition was deficient in not supplying the information the court has directed him to provide.

Mr. Riley has opted not to comply with the directions issued and described above and has instead resumed his polemic of illegal incarceration.

"Lawyers and litigants who decide to play by rules of their own invention will find that the game cannot be won." *United States v. Golden Elevator, Inc.*, 27 F.3d 301, 302 (7th Cir. 1994)."Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action and when it feels like taking a break because trial judges have a responsibility to litigants to keep their court calendars as current as humanly possible." *James v. McDonald's Corp.,* 417 F.3d 672, 681 (7th Cir. 2005), citing *GCIU Employer Ret. Fund v. Chicago Tribune Co.,* 8 F.3d 1195, 1198-99 (7th Cir. 1993)(internal quotations omitted). Mr. Riley is **admonished** to take heed of the foregoing.

Mr. Riley shall have **through January 6, 2011**, in which to comply with the directions in Part II of the Entry issued on December 2, 2010.

**IT IS SO ORDERED.**

Date: 12/17/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

John Daniel Riley
No. 14528-052
Terre Haute-FCI
P.O. Box 33
Terre Haute, IN 47808